### In re HENRY CORNETT.

No. A-5682. Opinion Filed Nov. 25, 1925.
(240 Pac. 1116.)

Matson & Mathers, for petitioner.

The Attorney General, for respondent.

PER CURIAM. The petitioner, Henry Cornett, alleges that he is restrained of his liberty and is unlawfully imprisoned in the state penitentiary at McAlester by W. S. Key, warden. The cause of restraint as alleged is that said petitioner was ordered committed to the penitentiary by the bureau of criminal identification and investigation; that said restraint is illegal and unauthorized, in that said petitioner was held in the county jail of Caddo county on a commitment after preliminary examination on a charge of bank robbery, alleged to have been committed in said county, and that petitioner, on the 22d day of June, 1925, was held in said jail awaiting trial on said charge, and on said date, without previous notice to him or to his attorney, and without notice to the county attorney of Caddo county, the

sheriff of said county was directed and required by said bureau of identification and investigation to bring petitioner from the jail of said county to Oklahoma City, and was there directed and required to transport the petitioner to the state penitentiary, and to confine said petitioner in said penitentiary on the pretext that said common jail of Caddo county is and was an unsafe place in which to hold said petitioner; that his confinement in the penitentiary, far from the place of his trial, is for the purpose, as he believes and charges, of intimidating petitioner and making it difficult and almost impossible for him to communicate with his attorneys and properly prepare his defense to said charge; that petitioner is not guilty of said charge, and has a good defense thereto, and has made no effort to escape from said jail, and at all times observes the rules and regulations of said jail, and is entitled under the laws of this state to be held in a common jail pending his trial on said charge, and not confined in the state penitentiary. It is further averred: "That said petitioner was secretly spirited away to said penitentiary, without his consent and without notice to his attorneys, and petitioner alleges that said warden is now holding said petitioner without any legal commitment for his confinement therein; that said petitioner is kept in solitary confinement in a cell, where it is extremely hot, without good ventilation and dangerous to the life and health of this petitioner; that said petitioner has been denied and deprived of all newspapers and other reading matter, has been given a number in said penitentiary, the same as a convicted felon, and has been subjected to such indignities unlawfully without his consent and over his protest. Wherefore your petitioner prays this honorable court to grant him a writ of habeas corpus, directed to the said W. S. Key, warden of said penitentiary, to produce the body of said petitioner in this court on the ———— day of July, 1925, and that on said hearing said petitioner be released without delay from such unlawful im-

prisonment, and that he be remanded to the custody of the sheriff of said Caddo county, to be held in the common jail of said county pending his trial on said charge of bank robbery, now preferred against him in said county." On the day the petition was presented, a writ to show cause was entered and issued, returnable July 15, 1925. In response to said rule, respondent answered that he had delivered petitioner back to the sheriff of Caddo county, who has placed the petitioner in the county jail of said county according to the prayer of petitioner. Whereupon the writ was discharged.